IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          )
                                  )
          vs.                     )     Criminal No. 05-347
                                  )     <u>See</u> Civil Action No. 09-1173
CURTIS CARTER,                    )
                                  )
          Defendant/petitioner.   )

<u>MEMORANDUM OPINION</u>

BLOCH, District J.

On August 31, 2009, Curtis Carter, filed a <u>pro se</u> Motion to Vacate Sentence under 28 U.S.C. § 2255 in the above-captioned case. (Doc. No. 209). Petitioner argues that his Fifth Amendment right to due process and his Sixth Amendment right to effective assistance of counsel were violated. The Government filed a response thereto, to which the Petitioner replied. (Docs No. 212 and 216). For the following reasons, the Motion will be denied. In addition, Petitioner filed a Motion for Discovery of Jury Records (Doc. No. 217), which will be denied for the same reasons.

## I.  **Background**

Petitioner's conviction arose out of his involvement with David Robinson and Cynthia Walker in running a cocaine distribution conspiracy in Beaver County, Pennsylvania, between January 2003 and May 2005. Before meeting Robinson, Petitioner had established himself as a drug supplier. After Robinson was released from prison

1

for drug trafficking in 2003, he and his girlfriend, Walker, began supplying cocaine to the Petitioner.   After Robinson was sent to a halfway house for a parole violation, Petitioner took over Robinson's operation.   Michael Humphrey initially supplied cocaine in kilogram quantities to Robinson and the Petitioner.   After the Petitioner found a source in Columbus, Ohio, he began supplying cocaine to Humphrey, eventually totaling more than 15 kilograms.   On October 17, 2005, law enforcement officers observed Humphrey purchasing cocaine from the Petitioner, which led to Petitioner's indictment in Criminal Action No. 06-82.   Before he was about to go to trial in this second proceeding, the Petitioner left a voice mail message for Humphrey, which he considered a threat.

On March 21, 2006, Petitioner was convicted by a jury of conspiring to possess with the intent to distribute and distribution of 500 grams or more of cocaine, in violation of Title 21, United States Code, Section 846.   The Presentence Investigation Report assigned Petitioner a base offense level of 34, based on a quantity of at least 15 but less than 50 kilograms of cocaine.   Four levels were added, pursuant to USSG §3B1.1(a), because Petitioner functioned as an organizer or leader of a criminal activity involving five or more participants or was otherwise extensive. With no criminal history points, Petitioner was assigned a criminal history category of I.   Petitioner's total offense level of 38 and

his criminal history category of I resulted in a sentencing guideline range of 235 to 293 months.

Petitioner objected to the amount of drugs attributed to him and the enhancement pursuant to USSG §3B1.1(a). (Doc. No. 131). The Government also objected to the Presentence Report, arguing for an enhancement for obstruction of justice pursuant to USSG §3C1.1 due to threats Petitioner made before trial. (Doc. No. 134).

This Court issued its Tentative Findings, in which it rejected Petitioner's objections and agreed with the Government's request for the enhancement for obstruction of justice. (Doc. No. 155). As a result, Petitioner faced a total offense level of 40, a criminal history category of I, and an advisory Guideline Range of 292 to 365 months. This Court sentenced Petitioner to a term of imprisonment of 292 months.

In his direct appeal, Petitioner raised the following issues: (1) whether the District Court properly admitted under Rule 402 intrinsic evidence of Petitioner's marijuana sales to his co-conspirators because the evidence was direct evidence of the conspiratorial relationship alleged in the Indictment; (2) whether the District Court, as finder of fact and assessor of credibility for sentencing purposes, properly found Petitioner responsible for 15 to 50 kilograms of cocaine when several witnesses testified to having purchased at least 15 kilograms of cocaine from Petitioner; (3) whether the District Court correctly enhanced Petitioner's

3

offense level by four points under USSG §3B1.1(a) because Petitioner functioned as the leader of an extensive cocaine distribution conspiracy; (4) whether the District Court properly applied the enhancement for obstruction of justice to Petitioner because he threatened a government witness, saying, "Loose lips sink ships" and "You should be running instead of running your mouth"; and (5) whether the sentence was reasonable.

On September 26, 2008, the Third Circuit issued an opinion affirming the conviction, sentence and judgment.  United States v. Carter, 293 Fed.Appx. 954 (3d Cir. 2008).

On August 31, 2009, Petitioner, acting pro se, filed the present motion pursuant to 28 U.S.C. § 2255.  (Doc. No. 69).  On September 16, 2009, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), the Court issued an Order advising Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits consideration of a second or successive habeas petition absent certification from the Third Circuit that certain very specific and rare circumstances exist.  With that in mind, Petitioner was ordered to advise the Court as to how he wished to proceed in this case, specifically, whether he wished to have his motion ruled upon as filed and lose the ability to file successive petitions absent Third Circuit certification, or whether he wished to withdraw the motion and file one all-inclusive Section 2255

4

petition within the one-year statutory period of the AEDPA. (Doc. No. 210).  Petitioner did not respond.

## II.  **Discussion**

Petitioner's claims have been raised pro se.  Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999).  However, even a pro se litigant must be able to prove a "set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 520-21 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Section 2255 permits a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255.  In a proceeding under 28 U.S.C. § 2255, a petitioner bears the burden of proving that he is entitled to relief.  United States v. Davis, 394 F.3d 182, 189-90 (3d Cir. 2005).

Petitioner raises four grounds for relief.  In Ground One, Petitioner sets forth fourteen allegations that he believes support the conclusion that he received ineffective assistance of counsel, at trial and on appeal, in violation of the Sixth Amendment.  In

Ground Two, Petitioner alleges that the Court and the prosecution modified the indictment in violation of the Fifth and Sixth Amendments.  In Ground Three, Petitioner argues that the Court and the prosecution deprived him of due process by withholding evidence and failing to adhere to the jury's verdict, in particular, with regard to drug quantity.  In Ground Four, Petitioner asserts that his Fifth and Sixth Amendment rights were violated during the jury selection process.

Petitioner's claims set forth in Grounds Two, Three and Four were previously litigated on appeal or could have been raised on appeal and are, therefore, procedurally barred.  The Court will address these first before considering his claims of ineffective assistance of counsel.

### A.   Claims Raised During Direct Appeal

In Ground Two, Petitioner claims his Fifth and Sixth Amendment rights were violated when the Court sentenced him on the basis of a drug quantity that was in excess of the 500 grams charged in the Indictment.   Petitioner claims that by holding him responsible for between 15 and 50 kilograms, the Court substantially varied from the indictment.  See Petition at 5B-3.  In Ground Three, Petitioner claims that "his sentencing procedure deprived him of his constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence." See Petition at 5C-3.   Petitioner also claims that the Court erroneously denied

6

defense counsel's request for a curative or limiting instruction regarding his marijuana sales. See Petition at 5C-2.

Petitioner's argument concerning drug quantity was addressed in this Court and rejected, a finding that remained undisturbed on appeal. Furthermore, the law is well-established that this Court was free to make a determination regarding the amount of controlled substance attributable to a defendant. See, e.g., United States v. Boone, 279 F.3d 163, 178 (3d Cir. 2002) (noting that sentence in criminal conspiracy is based upon all relevant conduct and not merely offense conduct) (citation omitted). See also USSG §1B1.1(a)(2). Because this issue was previously decided on appeal, Petitioner cannot relitigate the claim in a Section 2255 motion. Absent exceptional circumstances, such as an intervening change in the governing substantive law, Section 2255 generally "may not be employed to relitigate questions which were raised and considered on direct appeal." United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (citations omitted); Davis v. United States, 417 U.S. 333 (1974) (intervening change in governing substantive law that makes petitioner's conviction and punishment unlawful constitutes exceptional circumstances that justify collateral relief under § 2255 after unsuccessful litigation of the issue on direct appeal).

In the alternative, there is nothing of substance to this claim. Once the jury determined that the Petitioner was guilty of

7

the crime charged in the Indictment, it was the responsibility of this Court "to determine by a preponderance of the evidence the drug quantity attributable to each defendant and sentence him or her accordingly, provided that the sentence does not exceed the applicable statutory maximum." United States v. Phillips, 349 F.3d 138, 143 (3d Cir. 2003).

Regarding Petitioner's argument that the Court erroneously denied defense counsel's request for a curative or limiting instruction regarding his marijuana sales, the Third Circuit concluded that evidence regarding Petitioner's marijuana sales was "direct evidence of Carter's relationship with his co-conspirators, rather than evidence of 'other acts.'" There was no need, therefore, to have a limiting instruction under Fed.R.Evid. 404(b), when that rule did not apply. Petitioner's argument is without merit.

### B.  **Procedurally Defaulted Claims**

In Ground Two, Petitioner also claims that the government "constructively amended the indictment by forcing the defendant to defend against Federal Income Tax Returns, Gambling, (gambles) Marijuana, and Obstruction of justice (tampering with government witness) during trial." See Petition at 5B-3. In Ground Three, Petitioner claims the government withheld "the facts that its witnesses have been promised light prison sentences for their testimonies [sic] against to [sic] the defendant." See Petition at

5C-2.   Petitioner also claims, without specificity, that the prosecution failed to disclose evidence that was favorable to him. See Petition at 5C-3.   In Ground Four, Petitioner challenges the jury selection process. See Petition, at 6 and 6A-2.

The Court first notes that there was no reason that the Petitioner could not have raised these issues on direct appeal. "Section 2255 petitions are not substitutes for direct appeals and serve only to protect a defendant from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred." United States v. Cepero, 224 F.3d 256, 267 (3d Cir. 2000) (citing Reed v. Farley, 512 U.S. 339, 348 (1994)).   See also United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993) ("[Section] 2255 is no longer a necessary stand-in for the direct appeal of a sentencing error because full review of sentencing errors is now available on direct appeal."). Arguments that could have been made on direct appeal cannot be raised in a Section 2255 motion unless the petitioner can demonstrate cause and prejudice. See Essig, 10 F.3d at 979 (holding that the cause and prejudice standard of United States v. Frady, 456 U.S. 152, 167-68 (1982), "applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed"); Bousley v. United States, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct

9

review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'") (citations omitted). "In procedural default cases, the cause standard requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim." Essig, 10 F.3d at 979 (quoting McCleskey v. Zant, 499 U.S. 467, 493 (1991)). Petitioner fails to set forth any basis for his failure to raise any of his remaining claims on appeal.

In the alternative, there is no merit to Petitioner's defaulted claims. With respect to the issues of obstruction of justice, gambling, marijuana and income tax returns, there was no amendment of the indictment. Evidence concerning these issues was admitted to demonstrate the Petitioner's participation in the conspiracy, establish his association with other members and demonstrate his illegal income. In addition, evidence of his obstruction of justice demonstrated his consciousness of guilt. This evidence was properly admitted and did not result in the amendment of the indictment.

Regarding the Petitioner's allegations of prosecutorial misconduct, relief is appropriate when the prosecutor's misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Mangiardi, 173 F. Supp. 2d 292, 303 (M.D. Pa. 2001) (quoting Darden v.

10

<u>Wainwright</u>, 477 U.S. 168, 181 (1986)).   <u>See</u> <u>also</u> <u>United States v.</u>
<u>Ratigan</u>, 351 F.3d 957, 964 (9th Cir. 2003).  "For due process to have
been offended, the prosecutorial misconduct must be of sufficient
significance to result in the denial of the defendant's right to a
fair trial.   <u>Mangiardi</u>, 173 F. Supp. 2d at 303 (quoting <u>Werts v.</u>
<u>Vaughn</u>, 228 F.3d 178, 197-98 (3d Cir. 2000)).   Petitioner does not
say  what  type  of  favorable  evidence  the  government  failed  to
disclose.    Furthermore,  as  noted  more  fully  below,  Petitioner's
counsel cross-examined the government's witnesses about the nature
of  their  cooperation.  Therefore,  Petitioner's  allegations  do  not
establish a denial of due process.

          Finally,  there  is  no  merit  to  the  Petitioner's  allegations
about the jury selection process. Petitioner claims that the Court's
"methodology"  for  selection  of  jury  pools  was  "improper"  and
"resulted in the appearance of only one African American out of 49
drawn for jury service."  <u>See</u> Petition at 6A-2.  However, at the time
this  case  went  to  trial,  the  jury  selection  system  used  in  this
Court was constitutional.   <u>United States v. Weaver</u>, 267 F.3d 231,
236-37 (3d Cir. 2001) (approving random selection of jurors from
voter  registration  lists).    Furthermore,  for  these  same  reasons,
Petitioner's Motion for Discovery of Jury Records (Doc. No. 217)
will be denied.

## C. **Ineffective Assistance of Counsel**

In Ground One of his Petition, Petitioner sets forth fourteen allegations of ineffective assistance of counsel.

A petitioner seeking relief under Section 2255 on the grounds of ineffective assistance of counsel[1] "must show both that: (1) counsel's representation fell below an objective standard of 'reasonableness under prevailing professional norms;' and (2) the defendant suffered prejudice as a result - that is, there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. According to the Third Circuit:

> In reviewing counsel's performance, [a court] must be highly deferential. [A court] must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. Moreover, [a court] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption

---

[1] An exception to the procedural default rule is that a defendant need not demonstrate "cause and prejudice" when he raises a claim of ineffective assistance of counsel. See DeRewal, 10 F.3d at 104-05. Indeed, a Section 2255 motion is the proper and preferred vehicle for alleging ineffective assistance of counsel. See United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994).

that, under the circumstances, the challenged action might be considered sound trial strategy.

Sistrunk, 96 F.3d at 670 (citing Strickland, 466 U.S. at 689-90) (internal quotation marks and citations omitted).  "It is only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Kauffman, 109 F.3d 186, 190 (3d Cir. 1997).

### 1.  Plea Discussions

Petitioner claims that his counsel was ineffective in failing to engage in "meaningful plea discussion[s]" with the government and that trial counsel failed to advise the Petitioner if he went to trial he "would receive a sentence of 292 to 365 months imprisonment." See Petition at 5.  Petitioner has not alleged that the Government offered him a plea bargain.  For this reason, Petitioner cannot establish prejudice.

The discretion to engage in plea bargaining rests solely with the prosecutor.  A defendant has "no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial.   It is a novel argument that constitutional rights are infringed by trying the defendant rather than accepting his plea of guilty." Weatherford v. Bursey, 429 U.S. 545, 561 (1977); see also United States v. Smith, 2009 WL 1578058 at *4-5 (E.D. Pa. 2009) (district court rejected a similar claim in a Section 2255 case,

13

concluding that the petitioner did not prove that the government had made a plea offer, that a reasonable probability exists that he would have accepted the plea offer and the court would have approved the agreement). Petitioner's claim that his trial counsel was ineffective for not engaging in plea negotiations is without merit.

### 2. **Failure to Predict Petitioner's Ultimate Guideline Sentencing Range**

With respect to counsel's alleged failure to advise Petitioner he would receive a sentence of 292 to 365 months, Petitioner was informed of the statutory penalties[2] at his initial appearance on November 15, 2005. (Doc. No. 14). A failure to predict the applicable guideline range does not violate the Strickland standard, in particular in this case, in which his offense level was calculated using a drug quantity that his counsel challenged at the sentencing stage and lost. This claim is without merit.

### 3. **Failure to Advise About Maximum Penalties**

Petitioner claims trial counsel was ineffective in failing to advise Petitioner of the maximum sentence that could be imposed because Petitioner claims he was under the impression that if convicted, he "will be sentenced to at least 63 months and/or

---

[2] As charged in the indictment, Petitioner's sentencing exposure was imprisonment for not less than 5 years and not more than 40 years. See 18 U.S.C. § 841(b)(1)(B).

perhaps 78 months."[3]  See Petition at 5A-2.   To the contrary, Petitioner knew that his maximum sentence could include imprisonment of not more than 40 years.  For the reasons already noted above, this claim is without merit.

### 4.  **Ineffective Pretrial Strategy**

Petitioner claims trial counsel was ineffective in failing to file a Bill of Particulars "and investigate/interview critical sources of potential exculpatory evidence by the government key-eyewitnesses' [sic]."  See Petition, p. 5A-2.

The record contradicts Petitioner's allegations.  On Petitioner's behalf, counsel filed four pretrial motions and successfully moved to join a co-defendant's Motion for Bill of Particulars.  (See Doc. No. 52, 59, 60, 61 and 90).  Petitioner's counsel thoroughly and completely litigated factual and legal issues relevant to this case, albeit with limited success.  In addition, Petitioner fails to identify what "critical sources of potential exculpatory evidence" his counsel failed to investigate or how this evidence would have helped him.  Furthermore, counsel is not required to investigate any and all possible claims; rather, counsel must undertake reasonable investigations.  Strickland, 466 U.S. at

---

[3] This guideline range corresponds to a criminal history category of I and an offense level of 26, which is based on possession of at least 500 grams but less than 2 kilograms of cocaine.  See USSG § 2D1.1(c)(4).  The Petitioner fails to recognize that he was charged with conspiring to distribute 500 grams or more, including more than 2 kilograms.

690-91.   "Strategic   choices   made   after   less   than   complete investigation are reasonable precisely to the extent that reasonable professional  judgments  support  the  limitations  on  investigation [and]  counsel  has  a  duty  to  make  reasonable  investigations  or  to make a reasonable decision that makes particular investigations unnecessary.  In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the  circumstances,  applying  a  heavy  measure  of  deference  to counsel's judgments."  Id.; see also Rolan v. Vaughn, 445 F.3d 671, 682 (3d Cir. 2006).  Without more, this Court declines to second-guess  the  decision  of  Petitioner's  counsel  in  this  regard. Petitioner's claim is without merit.

### 5.  **Failure  to  Investigate  and  Impeach  Government Witnesses**

Petitioner  alleges  that  his   trial  counsel  failed  to review the presentence investigation reports of government witnesses and other criminal records for the purpose of impeaching them during cross-examination.  See Petition at 5A-2.

The record establishes that Petitioner's claim is without merit.    Petitioner  does  not  identify  the  evidence  that  the investigation reports contained or how its absence from the record was prejudicial to his defense.  See Rolan v. Vaughn, 445 F.3d 671, 682 (3d Cir. 2006); see also United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988) (dismissing allegations too vague to warrant

16

further investigation).    Furthermore, the record shows that Petitioner's counsel conducted extensive cross-examination of government witnesses, including Rodley Akins, Angel Ikard, Linnard Lawson, Michael Humphrey, David Robinson and Gary McKenzie, about their criminal histories and their cooperation with prosecutors.

### 6. **Failure to File Motions After Conviction**

Petitioner claims trial counsel failed to file any post-trial and pre-sentence motions. See Petition at 5A-2. Petitioner's counsel filed a Position with Respect to Sentencing Factors that raised significant objections to the Presentence Investigation Report. (Doc. No. 131). Petitioner's counsel also filed a Motion for a New Trial and a Motion for Judgment of Acquittal. (Docs Nos. 121 and 124). Petitioner's argument is frivolous.

### 7. **Failure to Request Jury Instructions**

Petitioner claims trial counsel was ineffective in failing to file a request for a written charge to the jury. See Petition at 5A-2. Defense counsel filed a written request for both voir dire and points for charge. (Docs. Nos. 83 and 84). The Court held a charging conference prior to closing arguments, in which the parties actively participated. Petitioner's argument is frivolous.

### 8. **Failure to Challenge the Drug Quantity**

Petitioner alleges that his counsel failed to challenge the sufficiency of the indictment on the theory that the drug quantity ultimately attributed to him for sentencing purposes was

17

"neither charged in the indictment nor submitted to the jury." See Petition, p. 5A-3. Petitioner asserts that, because the jury did not specifically determine the drug quantity above this amount for which he was responsible, he should only be held responsible for 500 grams of cocaine. However, this determination by the jury related to the amount of cocaine involved in the overall conspiracy and only established the maximum to which Petitioner could have been sentenced statutorily, i.e., 40 years. United States v. Phillips, 349 F.3d 138, 142-143 (3d Cir. 2003). Beyond this, the question of the drug quantity attributable to the Petitioner did not need to be charged in the indictment nor submitted to the jury. After the jury found the Petitioner guilty as charged in the indictment, this Court determined, by a preponderance of the evidence, the drug quantity attributable specifically to the Petitioner in the calculation of his advisory sentencing range. United States v. Phillips, 349 F.3d at 142-143; United States v. Vaughn, 430 F.3d 518, 525 (2d Cir. 2005); United States v. Kilby, 443 F.3d 1135, 1140-1141 (9th Cir. 2006). As already noted, Petitioner's counsel litigated the question of drug quantity before this Court at the time of sentencing and before the appellate court. The Petitioner's argument is frivolous.

### 9. **Jury Selection**

Petitioner claims trial counsel failed to challenge his right to be tried by a jury drawn from a representative cross

18

section of the community on direct appeal, and that trial counsel failed to challenge the trial judge's alleged "constants [sic] periodic of suspension and/or consiousness [sic] during trial." See Petition at 5A-3 and 4. Defense counsel was not ineffective in failing to challenge the jury selection process in the Western District of Pennsylvania. As the Court has already noted, the jury selection system used in this Court passed constitutional muster. United States v. Weaver, 267 F.3d 231, 236-37 (3d Cir. 2001) (approving random selection of jurors from voter registration lists). Plans using voter registration lists for the selection of jurors is an approved method in the Third Circuit. Given the state of the law in this circuit, trial counsel's decision not to object to the jury selection process was reasonable and clearly within the range of professionally competent assistance.

Petitioner's counsel's failure to raise an objection to the Court's alleged "dozing" and "loss of consciousness" during trial is without merit. Petitioner does not allege how he was prejudiced by his counsel's failure in this regard. The trial record shows that this Court was actively involved during all phases of the trial, including interacting with counsel, ruling on objections, holding side-bar conferences, and generally controlling the activities of the courtroom.

10.  **Failure to Allow Petitioner to Participate in**

**Appellate Process**

Petitioner claims counsel was ineffective in failing to allow him to participate in the appeal process, denied him a copy of the appeal brief filed on his own behalf, and abandoned him in the Court of Appeals. <u>See</u> Petition at 5A-4. However, Petitioner has failed to produce evidence of unreasonable conduct or resulting prejudice, and his argument, therefore, has no merit.

It is well-established that an attorney must not only consult with his client with respect to certain fundamental decisions, such as what plea to enter, whether a jury trial should be waived, whether the client will testify, whether to take an appeal, and whether to waive the right to counsel, he must abide by the client's decision as to those issues. <u>See</u> <u>Government of Virgin Islands v. Weatherwax</u>, 77 F.3d 1425, 1433 (3d Cir. 1996). "With the exception of these specified fundamental decisions, an attorney's duty is to take professional responsibility for the conduct of the case, after consulting with his client." <u>Jones v. Barnes</u>, 463 U.S. 745, 753 n.6 (1983). Therefore, if a decision falls within the realm of "strategic decisions" to be made by the attorney, a reviewing court may find whatever decisions that attorney made "to be sufficiently deficient only if he either failed completely to consult with his client, or if the decision was itself inept or

incapable of interpretation as sound." <u>United States v. Narducci</u>, 18 F. Supp. 2d 481, 493 (E.D. Pa. 1997).

Petitioner fails to allege any prejudice from any alleged failure to participate in the appeal process or get a copy of the appellate brief. <u>United States v. Dawson</u>, 857 F.2d 923, 928 (3d Cir. 1988) (dismissing allegations too vague to warrant further investigation). Furthermore, a review of the brief Petitioner's counsel filed in the Third Circuit confirms that he selected those arguments that had the most merit and presented them in a professional manner, albeit without success.

### 11.   **Failure to Seek Supreme Court Review**

Petitioner claims trial counsel was ineffective in failing to consult with him about the possibility of appeal to the Supreme Court of the United States.

The Third Circuit's Local Appellate Rules allow appellate counsel who has been appointed pursuant to the Criminal Justice Act to withdraw if he is of the opinion that the filing of a petition for writ of certiorari is not warranted. LAR Misc. 109.2(b); <u>Austin v. United States</u>, 513 U.S. 5 (1994). A motion must be filed promptly so that a defendant has sufficient time to file a <u>pro se</u> petition for certiorari. Petitioner's counsel filed a motion with the Third Circuit, asking that he be allowed to withdraw from the case, noting that "in his professional judgment" he believed there were "no issues...present which warrant the filing [of] a petition

for a writ of certiorari with the U.S. Supreme Court." (Doc. No. 212, Exhibit C). The Third Circuit granted this motion. (Doc. No. 212, Exhibit D). Without any allegation of prejudice or identifying any issue which would have been worthy of Supreme Court consideration, this argument is without merit.

### 12. **Denial of the Chance to Plead Guilty and to Appeal to Supreme Court**

Petitioner claims trial counsel forfeited his chances to a) enter a plea of guilty and b) to appeal to the Supreme Court of the United States. <u>See</u> Petition at 5A-5. Petitioner has not alleged how trial counsel forfeited his right to plead guilty or that he even wanted to plead guilty. <u>Dawson</u>, 857 F.2d at 928 (dismissing allegations too vague to warrant further investigation). With regard to appealing to the Supreme Court, Petitioner's counsel was allowed to withdraw, thereby giving Petitioner the opportunity to file a <u>pro se</u> petition for certiorari, which he did not do.

### 13. **Failure to Challenge Enhancement for Aggravating Role in the Offense**

Petitioner claims trial counsel was ineffective on appeal because although he challenged the sentencing enhancement under USSG 3B1.1(a), his counsel failed to make arguments under USSG 3B1.1(b) & (c).[4] <u>See</u> Petition at 5A-5.

---

[4] This section provides for an enhancement of the offense level based on the role of the defendant in the criminal activity.
(continued...)

On appeal, Petitioner's counsel presented an argument challenging this Court's application of USSG 3B1.1(a) at sentencing. Since counsel was seeking reversal of the application of this enhancement for being an organizer or leader of a criminal activity involving five or more participants, he could not be ineffective in making alternative arguments under the other sections of 3B1.1. If counsel had been successful at challenging the application of 3B1.1(a), then he could have argued to this Court that other sections of 3B1.1 were more appropriate on resentencing. Failing to make those arguments to the Third Circuit cannot be deemed ineffective.[5]     Petitioner can demonstrate no prejudice for counsel's failure to make frivolous, untimely arguments on appeal.

### 14.   **Disregard of Petitioner's Decisions During Representation**

Petitioner claims trial counsel violated ABA model Rule 1.4 concerning abiding by the client's decisions during representation. See Petition at 5A-5. Petitioner does not identify the specific decisions his counsel allegedly failed to follow, such as any decision that was fundamentally his to make or strategic

---

[4](...continued)
Subsections (b) and (c) provide for smaller enhancements for less significant roles.
[5] Furthermore, many courts of appeals have held that "[b]arring extraordinary circumstances," claims of nonconstitutional error in the application of the Sentencing Guidelines cannot be raised in a Section 2255 motion. See, e.g., United States v. Pregent, 190 F.3d 279, 283-284 (4th Cir. 1999).

decisions that are his counsel's, <u>Weatherwax</u>, 77 F.3d at 1433, nor does he allege how he was prejudiced.

## III.   <u>Conclusion</u>

Petitioner's motion is denied in its entirety.   Further, this Court will not issue a certificate of appealability in this case.   A certificate of appealability may issue under 28 U.S.C. § 2255 "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   For the reasons set forth above, Petitioner has not made a substantial showing of the denial of a constitutional right and a certificate of appealability should not issue in this action.

An appropriate Order will be issued.


                                        s/Alan N. Bloch
                                        United States District Judge

Dated:     March 11, 2010

ecf:       Counsel of record

cc:        Curtis Carter
           #08717-068
           FCI Ft. Dix
           P.O. Box 2000
           Ft. Dix, NJ 08640