IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| vs. | ) | Criminal No. 05-347 |
| | ) | See Civil Action No. 09-1173 |
| CURTIS CARTER, | ) | |
| Defendant/Petitioner. | ) | |

O R D E R

AND NOW, this 24th day of July, 2014, upon consideration of Defendant/Petitioner's "Motion for a Relationship Back Argument, Pursuant to the Federal Rules of Civil Procedure 15(c)(1)(B), in Regards to a Previously Filed Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 and Supporting Brief thereof," (Doc. No. 227), filed in the above-captioned matter on September 30, 2013,

IT IS HEREBY ORDERED that said Motion is DISMISSED.

On March 21, 2006, Petitioner was convicted at trial of one count of conspiring to possess with intent to distribute and distributing 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846. On January 3, 2007, the Court sentenced Petitioner to 292 months' imprisonment followed by 5 years'

1

supervised release.  Petitioner filed a Notice of Appeal from the Court's final judgment on January 11, 2007, challenging his conviction and sentence, and the United States Court of Appeals for the Third Circuit ("Third Circuit") affirmed Petitioner's conviction and sentence on October 20, 2008. On August 31, 2009,[1] Petitioner, acting pro se, filed a Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 209), which this Court denied on March 11, 2010.  The Court entered its final judgment order to close the 2255 proceeding that same day.[2]  On August 24, 2010, the Third Circuit denied Petitioner's request for a certificate of appealability.

On September 30, 2013, Petitioner filed the instant motion, raising an argument pursuant to Alleyne v. United States, --- U.S. ----, 133 S.Ct. 2151 (2013).  Petitioner contends that his claim relates back to his previously filed § 2255 motion under Fed. R. Civ. P. 15(c)(1)(B), because that

---

[1]  On September 16, 2009, the Court issued an Order in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), advising Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits consideration of a second or successive habeas petition absent certification from the Third Circuit that certain very specific and rare circumstances exist. Petitioner was ordered to advise the Court as to how he wished to proceed in this case, specifically, whether he wished to have his motion ruled upon as filed and lose the ability to file successive petitions absent Third Circuit certification, or whether he wished to withdraw the motion and file one all-inclusive Section 2255 petition within the one-year statutory period of the AEDPA.  (Doc. No. 210). The Court ruled upon his motion as filed as Petitioner did not respond to the Miller Order.

[2]  See Civil Action No. 09-1173.

2

motion contained a challenge to the Court's drug quantity finding at sentencing. See (Doc. No. 209 at 6). The Court finds that the present motion must be dismissed because it constitutes a second/successive petition under 28 U.S.C. § 2255 and was filed without the requisite authorization from the Third Circuit. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Petitioner cannot rely on Fed. R. Civ. P. 15(c) as a vehicle to raise his Alleyne argument, because Rule 15(c) no longer applies once the Court has adjudicated the motion and entered final judgment; at that point, only Rules 59(e)[3] and 60(b) authorize the Court to reopen the judgment. See Ahmed v. Dragovich, 297 F.3d 201, 207-08 (3d Cir. 2002) ("Although Rule 15 vests the District Court with considerable discretion to permit amendment "freely ... when justice so requires," Fed. R. Civ. P. 15(a), the liberality of the rule is no longer applicable once judgment has been entered. At that stage, it is Rules 59 and 60 that govern the opening of final judgments.").

---

[3] The Court notes that Rule 59(e) is inapplicable as the motion was filed well after the 28 day period expired. See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

3

Moreover, although a motion seeking to amend a complaint after the entry of final judgment may be construed as a Rule 60(b) motion, see Ahmed, supra, the United States Supreme Court has held that a Rule 60(b) motion should be construed as a second or successive habeas petition if the motion "attacks the federal court's previous resolution of a claim on the merits" and seeks relief due to a subsequent change in substantive law. Gonzales v. Crosby, 545 U.S. 524, 531-32 (2005).

Petitioner's motion to "amend" his original § 2255 petition attacks this Court's previous resolution of that motion and seeks relief pursuant to Alleyne, a new rule of constitutional law that was pronounced after his petition was denied. To allow Petitioner to raise such an argument under the guise of a Rule 60(b) motion would frustrate the purpose of § 2244(b)(3) and would allow Petitioner to sidestep the strict gatekeeping and certification requirements of AEDPA. See Gonzalez, 545 U.S. at 532 (The "use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar.") (citing § 2244(b)(3)).

Accordingly, the Court construes Petitioner's motion as a second/successive petition, and because Petitioner did not obtain the statutorily required authorization from the Circuit before filing his petition, the Court cannot entertain the

4

arguments raised therein. See 28 U.S.C. §§ 2244(b)(3) and 2255(h);[4] see also Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) ("Unless the court of appeals grants such permission, the district court may not consider the second or successive petition.").

The Court further finds that it would not be in the interest of justice[5] to transfer the petition to the Third Circuit pursuant to 28 U.S.C. § 1631, as the Circuit has held that the Supreme Court's ruling in Alleyne does not apply retroactively to cases on collateral review. See United States v. Reyes, --- F.3d ----, 2014 WL 2747216 (3d Cir. 2014) ("Expounding on our decision in [United States v. Winkelman, 746 F.3d 134 (3d Cir. 2014)] we reiterate here that the rule of criminal procedure announced by the Supreme Court in Alleyne does not apply retroactively to cases on collateral review."); see also Winkelman, 746 F.3d at 136 ("[W]e now hold that Alleyne cannot be applied retroactively to cases on collateral review.").

---

[4] The relevant language of Section 2255(h) provides that "[a] second or successive motion **must be certified** as provided in section 2244 by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2225(h) (emphasis added).

[5] See Johnson, 313 F.3d at 139 ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

5

Accordingly, Petitioner's motion is HEREBY DISMISSED, and the Court finds that a certificate of appealability should not issue because Petitioner has failed to make a substantial showing of the denial of a constitutional right.[6]

s/Alan N. Bloch<br>
United States District Judge

cc/ecf:        Counsel of record

                Curtis Carter
                Reg. No. 08717-068
                FCI-Elkton
                P.O. Box 10
                Lisbon, OH 44432

---

[6] "A certificate of appealability may issue under 28 U.S.C. § 2255 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).