IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 05-00347 |
| | ) | |
| CURTIS CARTER, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

AND NOW, this 5th day of November, 2020, upon consideration of the Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by defendant Curtis Carter ("Carter") on June 12, 2020 (Doc. No. 269), the Government's response thereto (Doc. No. 273), filed on July 16, 2020, as well as Carter's reply (Doc. No. 274), filed on July 24, 2020,

IT IS HEREBY ORDERED that, for the reasons set forth below, Carter's motion is GRANTED. Carter's term of imprisonment is hereby reduced to TIME SERVED. All other conditions of the sentence imposed on January 1, 2007 shall remain in full force and effect. The United States Bureau of Prisons ("BOP") and United States Probation Office are instructed to work to facilitate Carter's release from custody as soon as possible.

On March 21, 2006, Carter was convicted of conspiracy to possess with intent to distribute and distribute 500 grams or more of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846. On January 3, 2007, Carter was sentenced to a term of imprisonment of 292 months. Subsequently, on June 8, 2016, Carter's term of imprisonment was reduced to 235 months, pursuant to 18 U.S.C. § 3582(c)(2). (Doc. Nos. 241, 242). Pending before the Court is Carter's motion for compassionate release, requesting that his sentence be

reduced to time served. Carter asserts that he suffers from ankylosing spondylitis, and that the condition has impaired his ability to care for himself at FCI Morgantown. Carter argues that his condition constitutes an extraordinary and compelling circumstance warranting his release. For the reasons set forth below, the Court will grant the motion and reduce Carter's term of imprisonment to time served.

A district court's authority to modify a sentence in a criminal case that has become final is very limited. See Dillon v. United States, 560 U.S. 817, 819 (2010); United States v. Ponton, 407 Fed. App'x 622, 624 (3d Cir. 2011). District courts do have authority, however, to reduce a final sentence under 18 U.S.C. § 3582(c). Section 3582(c)(1)(A), as amended by the First Step Act, Pub. L. 115-391, 132 Stat. 5194, permits an incarcerated person to petition the court for compassionate release. The statute provides in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> **(i)** extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). Carter submitted a request for compassionate release to the warden of FCI Morgantown on May 5, 2020, which was denied on May 26, 2020. (Doc. No. 269-4). Because the warden received Carter's request more than 30 days ago, the Court can consider the pending motion for compassionate release. See United States v. Harris, 812 Fed. App'x 106, 107

(3d Cir. 2020). The Government does not dispute that Carter has met the procedural requirements of § 3582(c)(1)(A).

Having determined that Carter has met the procedural requirements, the Court must next decide whether he has established an extraordinary and compelling reason warranting a reduction in his sentence. Section 3582 itself does not define the term "extraordinary and compelling reasons." Rather, Congress left it to the United States Sentencing Commission to define the term. See 28 U.S.C. § 994(t) (stating that the Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples"). The Sentencing Commission has defined "extraordinary and compelling" pursuant to the Application Notes to U.S.S.G. § 1B1.13 but has not updated this policy statement since the enactment of the First Step Act. "[A] majority of district courts have concluded that the 'old policy statement provides helpful guidance, [but] ... does not constrain [a court's] independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction under § 3852(c)(1)(A).' " United States v. Rodriguez, 451 F. Supp. 3d 392, 397 (E.D. Pa. 2020) (quoting United States v. Beck, 425 F. Supp. 3d 573, 582 (M.D.N.C. 2019)). This Court, however, need not decide whether it may independently determine what constitutes an extraordinary and compelling circumstance. Even assuming the Court's discretion is restricted by U.S.S.G. § 1B1.13, the Application Notes to that section provide that extraordinary and compelling reasons exist where "the defendant is suffering from a serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, App. Note 1(A)(ii)(I). The Court's findings herein are based on and consistent with this reason.

Carter has persuaded the Court that he is suffering from a serious medical condition which substantially diminishes his ability to provide self-care. He was recently diagnosed with ankylosing spondylitis, (Doc. No. 269-3), an inflammatory disease that causes vertebrae to fuse together over time, resulting in a deformed spine. See Mayo Clinic, *Ankylosing spondylitis*, https://www.mayoclinic.org/diseases-conditions/ankylosing-spondylitis/symptoms-causes/syc-20354808 (last reviewed Oct. 30, 2020). There is no cure for ankylosing spondylitis and the debilitating symptoms of the condition become progressively worse over time. Carter has complained of persistent back and neck pain since at least March of 2016. (Doc. No. 269-2). He experiences nearly constant nerve pain and the posture of his cervical spine has already deformed to the degree that he cannot walk properly. The parties do not dispute that Carter will not recover from this condition. The parties agree, however, that proper medical treatment could slow the progression of Carter's disease and prevent further physical deterioration. Without proper treatment, Carter's condition will continue to get worse and his ability to provide self-care will progressively diminish. Carter's medical care provider at FCI Morgantown recommended that he consult a rheumatologist in order to develop a treatment plan. (Doc. No. 269-3). The Government does not dispute that Carter needs to consult with medical specialists in order to develop an appropriate treatment plan. The Government contends instead that Carter is receiving sufficient treatment at FCI Morgantown. Carter responds that, due to restrictions imposed in response to the COVID-19 pandemic, he does not have the ability to seek proper treatment outside of the prison facility. Carter asserts that, if released, he will be able to get treatment through the VA  Pittsburgh Healthcare System without unnecessary delay and prevent further irreversible damage to his spine.[1] Based upon the foregoing, this court finds that Carter's medical

---

1 As set forth in the Presentence Investigation Report, Defendant is a veteran of the United States Navy.

4

condition constitutes an extraordinary and compelling circumstance warranting a reduction in his sentence, pursuant to 18 U.S.C. § 3852(c)(1)(A).

"[B]efore granting compassionate release, a district court must 'consider[ ] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable.' " United States v. Pawlowski, 967 F.3d 327, 329 (3d Cir. 2020) (quoting Section 3582(c)(1)(A)). "In considering the section 3553(a) factors, [the Court] should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence." United States v. Bess, No. 16-cr-156, 2020 WL 1940809, at *10 (W.D.N.Y. Apr. 22, 2020). The decision "whether to reduce an eligible defendant's term of incarceration for compassionate release after considering the § 3553(a) factors is committed to the discretion of the [district court]." United States v. Jones, Crim. No. 1:12-38, 2020 WL 3871084, at *4 (W.D. Pa. July 8, 2020).

In considering the § 3553(a) factors, the Court notes that, though Carter committed a serious drug offense, the underlying offense did not involve violence of any kind. Also of note is the fact that Carter has already served a lengthy sentence, having completed almost 15 years of his 235-month term of imprisonment. Carter is eligible for residential reentry in a matter of weeks and the BOP projects that he will be released in November 2021. The amount of time that Carter has already served sufficiently reflects the seriousness of the offense, provides just punishment, and promotes respect for the law. With respect to the history and characteristics of the defendant, Carter, who was 34 years old at the time of sentencing, had no record of criminal activity prior to his conviction in this case. Indeed, at the time of sentencing, Carter had a criminal history category I under the Sentencing Guidelines. In addition, Carter has completed multiple BOP educational and self-improvement programs, including a drug treatment program

(Doc. No. 235-1).  Unwarranted sentencing disparities are not at issue here because Carter has already served a lengthy sentence and will soon be eligible for release.

Carter maintained an impeccable record during his time in prison. Carter's Male PATTERN Risk Scoring indicates that he has not had any reported incidents in the past 10 years spent in federal prison. (Doc. No. 275-1). With respect to potential recidivism, Carter's Male PATTERN Risk Level is "minimum," indicating that he is not likely to commit further crimes upon release. The court is cognizant of the seriousness of Carter's offense. Considering his exemplary behavior while incarcerated, his PATTERN score, and his complete lack of any criminal history other than the offense at hand, the Court finds no factors indicating that Carter continues to present a danger to others or to the community.[2]

Accordingly, the Court finds that compassionate release is warranted pursuant to Section 3582(c)(1)(A).  Carter's motion is, therefore, granted.

s/Alan N. Bloch<br>
United States District Judge

ecf:	Counsel of record

---

[2] Allowing for compassionate release is therefore also consistent with Section 1B1.13's requirement that a sentence may only be reduced if "[t[he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." USSG 1B1.13(2).