IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No. 05-347-3 |
| ) | |
| CURTIS CARTER, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 22nd day of January, 2024, upon consideration of Defendant Curtis Carter's *pro se* Petition for Early Termination of Term of Supervised Release (Doc. No. 282), filed in the above-captioned matter on June 26, 2023, and in further consideration of the Government's response in opposition thereto (Doc. No. 285), filed on July 26, 2023, and after consultation with the United States Probation Office,

IT IS HEREBY ORDERED that said Motion is DENIED WITHOUT PREJUDICE to Defendant's right to seek early termination of his supervised release upon completion of the Western District of Pennsylvania's Veterans Court Program.

In this case, on March 21, 2006, Defendant was found guilty by a jury as to Count One of an indictment charging him with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846.  While this case was pending, Defendant was also indicted at Criminal No. 06-82-1 for conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count One), possession with intent to distribute and distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) (Count Two), and possession with intent to distribute and distribution of less than 500 grams of cocaine, in violation of 21 U.S.C. §§

1

841(a)(1) and (b)(1)(C).  He pled guilty to all three counts at Criminal No. 06-82-1 on June 5, 2006, a few months after his conviction at Criminal No. 05-347-3.

On January 4, 2007, the Court sentenced Defendant to a term of imprisonment of 292 months in this case, and a term of 121 months at each of Counts One, Two, and Three at Criminal No. 06-82-1, all to be served concurrently.  It further sentenced Defendant to a term of supervised release of 5 years in each case, to run concurrently.  On June 8, 2016, the Court reduced Defendant's term of imprisonment at Criminal No. 05-347 from 292 to 235 months pursuant to 18 U.S.C. § 3582(c)(2).  On November 5, 2020, the Court again reduced Defendant's sentence of imprisonment in this case, this time to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  His term of supervised release remained unchanged in both cases.  Defendant was released from custody on November 10, 2020, and on September 1, 2021, entered the Western District of Pennsylvania's Veterans Court Program based on his past service in the United States Navy.  After successfully completing Phase I of the Veterans Court Program, he entered the 18-month Phase II on September 7, 2022.  Successful completion of this phase will render him eligible for a recommendation for termination of his term of supervision on March 7, 2024.[1]

Defendant argues that the Court should terminate his supervised release now because of his continued successful participation in the Veterans Court Program, and to enable him to provide better care for his step-mother and aunt and to more often visit his children and grandson in Ohio.  However, while the Court commends Defendant on his strong adjustment to supervision, it does not find early termination of that supervision to be warranted at this time.

---

[1]   Defendant's present motion was filed only in this case, and not in Criminal No. 06-82-1; however, given that the Court is denying the motion anyway, it need not further determine how a termination of release in this case would impact the term of release in the other case.

18 U.S.C. § 3583(e)(1) authorizes a sentencing court to terminate a term of supervised release, at any time after the expiration of one year of supervised release, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice, after considering the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *See also United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). The sentencing court is not required to address each of the Section 3553(a) factors individually, so long as it includes in its decision "a statement that [the court] has considered the statutory factors." *Id.* at 52-53 (citing *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003)). A court has broad discretion in deciding whether termination of supervised release is warranted, and there is no requirement that there be an "exceptional, extraordinary, new, or unforeseen circumstance" for the Court to find that the "conduct of the defendant" and "interest of justice" justify ending supervision. *Id.* at 52-53. However, because sentences are meant to be "sufficient, but not greater than necessary" when they are imposed, it will often be the case that truncating a period of supervised release will be premised upon something that has "changed in the interim that would justify" shortening the period of supervision. *Id.* at 53.

Consideration of Defendant's arguments, in light of the Section 3553(a) factors, establishes that termination of his supervised release is not warranted at this time by his conduct upon release and/or the interest of justice. Defendant, of course, has participated in the Western District's Veterans Court Program, and by all accounts, his participation appears to have been very successful so far. However, he still has time left to complete that program, and when he does, it is likely his supervision will be terminated at that time. Less than two months remain before such a recommendation can be made pursuant to his completion of the program. The Court prefers to wait to ensure that Defendant successfully completes what has been a very

advantageous program before terminating his term of release. This is particularly so given the significant scope of the underlying offenses in this matter, which involved large quantities of cocaine and cocaine base.

The Court further notes that Defendant has not indicated any particularly impediment raised by his term of supervision in providing care for his mother-in-law and aunt. As for his children in Ohio, the Court has routinely granted his travel requests to visit them and, pursuant to an order dated August 3, 2022, actually modified his terms of supervision to permit him to travel out of the judicial district conditioned upon prior notice and approval by the Probation Office. This arrangement appears to have been successful and adequately accounts for the issues raised by Defendant.

Defendant has made a strong transition since commencing his supervised release, and the structure provided by his supervision, especially his participation in the Veterans Court Program, appears to have been a contributing factor to this adjustment. Under these circumstances, the Court finds that Defendant's conduct and the interest of justice warrant that he continue on supervised release at this time. Accordingly, it will exercise its broad discretion to deny Defendant's motion without prejudice to Defendant raising the issue again upon his completion of the Veterans Court Program.

s/Alan N. Bloch  
United States District Judge

ecf:  Counsel of record

cc:   Curtis Carter  
      615 Eighth Street  
      New Brighton, PA 15066